UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYIA MARJANI FINNEY, an individual,<br><br>               Plaintiff,<br><br>     v.<br><br>FEDEX CORPORATION; FEDERAL EXPRESS CORPORATION; FEDERAL EXPRESS CORPORATION PAYROLL SERVICES; CHRIS DOE, and DOES 1 to 100, inclusive,<br><br>               Defendants. | Case No.: 2:25-cv-08846-MEMF-JC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND ORDER DENYING DEFENDANTS' FEDEX CORP., FEDERAL EXPRESS CORP., AND FEDERAL EXPRESS CORP. PAYROLL SERVICES' MOTION TO STRIKE [DKT. NOS. 11, 15]** |

     Before the Court is the Motion to Remand filed by Plaintiff Nyia Marjani Finney, Dkt. No. 11 ("Motion"), and the Motion to Strike filed by Defendants FedEx Corporation, Federal Express Corporation, and Federal Express Corporation Payroll Services (collectively, the "Entity Defendants"), Dkt. No. 15. For the reasons stated herein, the Court hereby DENIES Plaintiff's Motion to Remand and DENIES the Entity Defendants' Motion to Strike.

/ / /

1

I.      **Background**

        A.  **Factual Background[1]**

        Plaintiff Nyia Marjani Finney, an individual residing in Los Angeles County, California, was employed by Defendants FedEx Corporation, Federal Express Corporation, and Federal Express Corporation Payroll Services (collectively, the "Entity Defendants"). *See* Complaint at 1. She was employed by the Entity Defendants for two years and two months as a package handler, beginning on or around November 1, 2021. *Id.* ¶¶ 11-12.[2]

        On or around April 20, 2022, Finney suffered a disabling injury due to a car part falling on her foot. *Id.* ¶ 14(a). She immediately reported her injury to her manager referred to as "Chris Doe" and later identified as Christopher Laguna. *Id.*; Motion at 1. In response, Chris Doe prohibited Finney from filing a Workers' Compensation claim. *Id.* ¶ 14(a). The following day, Finney provided Chris Doe a written statement regarding her injury, but no action was ever taken in response, and Chris Doe failed to discuss what, if any, accommodation could be provided. *Id.*

        Afterwards, Finney sought and was approved to take medical leave. *Id.* ¶ 14(b). On or around May 18, 2022, Finney returned to work, and upon returning, Finney was suddenly stripped of her job duties by Chris Doe. *Id.* Specifically, Finney's work hours were significantly reduced from working eight to twelve hours a day, to only two to four hours. *Id.* And her work responsibilities, including overseeing sorters and managing shipping setup, were reassigned to her colleagues without justification. *Id.* Finney complained to Chris Doe about the sudden disparity in her schedule and responsibilities, which drastically decreased her income, and then she began to experience a

---

[1] Unless otherwise indicated, the following factual background is derived from Plaintiff's Complaint. *See* Ex. 2, Dkt. No. 11-3 ("Complaint"). For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations and is therefore not—at this stage—finding that they are true.

[2] Finney erroneously names "Federal Express Corporation Payroll Services" as a defendant. Federal Express Corporation Payroll Services is the payroll department of Federal Express Corporation, and not a separate legal entity. *See* Dkt. No. 1 at 3 n.1.

2

substantial shift in her treatment by Chris Doe. *Id.* ¶ 14(c). Chris Doe became dismissive, and seemingly appeared to shun and ostracize Finney. *Id.*

On or around December 7, 2022, Finney sustained another workplace injury, and she reported it to manager Jacob Gutierrez. *Id.* ¶ 14(d). Gutierrez did not discuss accommodations with her. *Id.* And during that month, Finney received treatment for her disability and was approved to have her medical leave extended, where she remained off work until September 2023. *Id.* ¶¶ 14(f), (g). She was formally diagnosed with bulging discs, protrusions in her cervical spine, nerve damage to her right elbow, and a cystic lesion. *Id.* ¶ 14(g).

On or around September 25, 2023, Finney was cleared to return to work with a restriction of not lifting over five pounds, and after submitting her clearance, the Human Resources Representative, Kevin McCubbin, told Finney she had ninety days to find another open position with the company. *Id.* ¶ 14(h). She applied to several internal positions, which Finney alleges she was qualified for, but she was never interviewed for any of these positions. *Id.* ¶ 14(i). Finney was terminated by McCubbin on or around January 26, 2024. *Id.* ¶ 14(j).

### B. Procedural History

On July 17, 2025, Finney filed a Complaint in Los Angeles County Superior Court against the Entity Defendants, Chris Doe, and Does 1 to 100, inclusive, (collectively referred to as "Defendants") asserting causes of action for: (1) Disability Discrimination in Violation of California Fair Employment and Housing Act ("FEHA"); (2) Hostile Work Environment Harassment in Violation of FEHA; (3) Retaliation in Violation of FEHA; (4) Failure to Accommodate in Violation of FEHA; (5) Failure to Engage in the Interactive Process in Violation of FEHA; (6) Failure to Hire in Violation of FEHA; (7) CFRA Leave Interference in Violation of Cal. Gov. Code Section 12900; (8) Failure to Prevent Discrimination and Retaliation in Violation of FEHA; (9) Breach of Express Oral Contract; (10) Breach of Implied-In-Fact Contract; (11) Negligent Hiring, Supervision, and Retention; (12) Wrongful Termination in Violation of Public Policy; (13) Whistleblower Retaliation in Violation of Labor Code Section 1102.5; and (14) Intentional Infliction of Emotional Distress. *See generally* Complaint.

3

On September 11, 2025, the Entity Defendants filed an Answer to the Complaint in Los Angeles County Superior Court and served a copy on Plaintiff's counsel of record. *See* Ex. 11, Dkt. No. 1-1. On September 17, 2025, the Entity Defendants filed a Notice of Removal based on diversity jurisdiction. Dkt. No. 1.

On October 17, 2025, Finney filed the instant Motion. Dkt. No. 11 ("Motion"). On October 31, 2025, the Entity Defendants filed an Opposition. Dkt. No. 12 ("Opposition"). On November 26, 2025, Finney filed a Reply. Dkt. No. 14 ("Reply"). On December 12, 2025, the Entity Defendants filed a Motion to Strike Finney's Reply. Dkt. No. 15.[3]

## II.    **Applicable Law**

In general, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court." 28 U.S.C. § 1441(a). Federal courts have jurisdiction over "diversity" cases, between "citizens of different States." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). Diversity jurisdiction requires that (1) all plaintiffs be of different citizenship from all defendants, and (2) the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

"Where, as here, it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, 'the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quoting *Urbino v. Orkin*

---

[3] The Entity Defendants filed a Motion to Strike Finney's Reply for being untimely. *See* Dkt. No. 15. Although the Court finds that Finney's Reply was significantly late, where the reply should have been filed on November 7 but instead was filed on November 26, *see* Civil Standing Order § VIII(b); Dkt. No. 15 at 3, but because the Entity Defendants do not identify any prejudice, the Court will nevertheless consider the Reply. However, Finney is admonished that any further violations of this Court's orders will result in appropriate consequences and may trigger an Order to Show Cause why sanctions should not be imposed. Accordingly, the Motion to Strike (Dkt. No. 15) is DENIED.

*Servs. of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013)). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (quotation marks omitted). "In assessing the amount in controversy, [courts] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez*, 888 F.3d at 415 (9th Cir. 2018) (citing *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)). "The amount in controversy may include 'damages (compensatory, punitive, or otherwise) . . . , as well as attorneys' fees awarded under fee shifting statutes.'" *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)). And "the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 414-15.

Moreover, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under 28 U.S.C. §1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). And "[a] civil action otherwise removable solely based on the jurisdiction under Section §1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2). In sum, diversity jurisdiction requires *complete diversity*, meaning each plaintiff must have a different citizenship from each defendant. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (emphasis added). For diversity purposes, an individual is a citizen of the state in which he or she is domiciled. *United States v. Aldridge*, 56 F.3d 73 (9th Cir. 1995). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). At the same time, a limited liability company's citizenship depends on the citizenship of "all the members." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

### III.    Discussion

Finney contends that this case must be remanded because this Court has no jurisdiction. Specifically, she argues that diversity jurisdiction does not exist for the following reasons (1) the

5

fictious Chris Doe Defendant is a known individual with citizenship that defeats complete diversity;
(2) the Entity Defendants cannot show the Chris Doe Defendant was fraudulently joined; and (3) the
Entity Defendants cannot show that the amount in controversy was more than $75,000. *See generally*
Motion; Reply. For the reasons discussed below, the Court finds that the Entity Defendants have
established complete diversity and that the amount in controversy is over $75,000.[4]

### A.  The Citizenship of the Chris Doe Defendant Must Be Disregarded in Determining Whether Diversity Jurisdiction Exists.

Finney contends that there is not complete diversity because it is undisputed that the Chris
Doe Defendant, is actually Christopher Laguna, a citizen of California, like Finney . *see* Motion at 8;
Reply at 2-3. Christopher Laguna's citizenship is the only citizenship at issue. *See* Motion at 4, 8.
The Entity Defendants respond that the operative complaint names "Christopher Laguna" as a
fictious "Chris Doe" Defendant, and under Section 1441(b)(1), the citizenship of the fictitious Chris
Doe Defendant must be disregarded and thus there is complete diversity. *See* Opposition at 8-9. The
Court finds that the citizenship of the fictitious "Chris Doe" Defendant must be disregarded in
determining whether this Court has diversity jurisdiction.

Section 1441(b)(1) states that: "In determining whether a civil action is removable on the
basis of the jurisdiction under Section 1332(a) of this title, the citizenship of defendants sued under
fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). This language was amended into
Section 1441 in 1988. *See Rojas by & through Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp.
3d 1008, 1016 (S.D. Cal. 2021). In *Soliman*, the plaintiff argued there was "no complete diversity of
citizenship" because the plaintiff was a citizen of California and one of the listed "Doe" defendants
was also a citizen of California, and he intended to substitute in the "Doe" defendant as a named
defendant. *See Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). The Ninth Circuit
held that "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes
relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Id.* So because

---

[4] Finney also seeks an award of attorney's fees incurred because of the Entity Defendants' removal. Motion.
Because the Court finds that removal was proper, the request is DENIED AS MOOT.

the plaintiff failed to substitute a named defendant "before the district court entered judgment against him," there was "no jurisdictional significance" for the fictitious Doe defendant. *Id.* Like the plaintiff in *Soliman*, Finney argues there is no complete diversity because of the Chris Doe Defendant, and she intends to amend her complaint to fix any deficiencies. *See* Motion at 8, 15. Section 144(b)(1) prohibits Finney from relying on the citizenship of a fictitious Doe defendant to defeat complete diversity.

Finney's arguments to the contrary are unavailing.

She contends—without support from any binding authority—that Section 1441(b)(1) does not apply to motions to remand. She also fails to address the binding precedent in *Soliman*. *See* Reply at 2. Although Section 1441(b)(1) does not explicitly mention whether it applies to motions to remand, it is clear from Section 1441(b)(1) that "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of determining removability based on diversity jurisdiction, and a motion to remand clearly addresses whether it can be proper to remove based on diversity jurisdiction. Moreover, the Ninth Circuit has held that in amending this language into Section 1441, "Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction." *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989). The Ninth Circuit is therefore clear in *Soliman* and *Bryan* that Section 1441(b)(1) prohibits use of the citizenship of a fictitious Doe defendant to defeat diversity jurisdiction.[5]

Accordingly, there is complete diversity.

### B. The Entity Defendants Have Met Their Burden to Show that the Amount in Controversy Exceeds $75,000.

Finney contends that the Entity Defendants cannot establish that the amount in controversy exceeds $75,000 because the amount in controversy is unclear from the face of the Complaint. *See* Motion at 17. The Entity Defendants contend that they have "demonstrated by a preponderance of

---

[5] Finney contends that because the Entity Defendants refer to the Chris Doe Defendant as Laguna when analyzing if there was fraudulent joinder, *see* Opposition at 11 n.1, the Chris Doe Defendant cannot be treated as a fictitious defendant and must be considered for purposes of complete diversity, *see* Reply at 2-3. But the Entity Defendants are explicit that they are doing so solely for purposes of this motion.

the evidence that the total amount in controversy in this case exceeds $75,000." *See* Opposition at 17-19.

Here, the Court finds that the Entity Defendants have established by a preponderance of the evidence that it is "more likely than not" that the amount in controversy exceeds $75,000. *See Chavez*, 888 F.3d at 416 (quoting *Urbino*, 726 F.3d at 1121-22); *Sanchez*, 102 F.3d at 404. "If a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them." *Chavez*, 888 F.3d at 417.

The Complaint seeks "general and special damages," "exemplary damages," pre-and-post judgment interest on all damages awarded, and "reasonable attorneys' fees," and it states that the "amount demanded exceeds $35,000." *Id.* at 22. Also, the Complaint states that:

> As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, . . . and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid. . . . [And] Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish. . . . [And] Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code Section 3294 and, thus, entitles Plaintiff to an award of exemplary and/or punitive damages.

Complaint ¶¶ 15-17. Finney was terminated on January 26, 2024, *see id.* ¶ 14(j), and the Entity Defendants have provided evidence that her pay rate was $18.98 per hour, where at twenty-hours per week, Finney's "back pay claim from her termination to the present exceeds $31,886," and her "potential front pay claim, conservatively estimated for two years post-trial, adds at least $39,478.40 ($379.60 per week x 104 weeks)," so in sum, Finney's "back pay and front pay claims total $71,364.40." *See* Opposition at 18; Adams Decl. ¶ 5, Dkt. No. 12-1; *see also* Ex. A, Dkt. No. 12-1. And the Entity Defendants' calculation does not include the interest that Finney seeks, emotional or punitive damages, or attorneys' fees. Opposition at 18-19; *see also Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"). Finney contends that her entitlement to lost past wages is speculative and

8

insufficient to meet the Entity Defendants' burden, *see* Reply at 7, but her Complaint alleges that her damages include "lost past and future income," *see* Complaint ¶ 15, and she does not dispute that the FEHA entitles her to such wages, so her lost wages are "at stake" in this litigation, *see Chavez*, 888 F.3d at 417. And Finney has not provided evidence to rebut the Entity Defendants' calculations. *See* Reply at 7. Accordingly, the Court finds that the Entity Defendants have met their burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Because the Court finds there is complete diversity and the Entity Defendants have established that the amount in controversy exceeds $75,000, the Court need not address whether the Chris Doe Defendant was fraudulently joined. *See* Motion at 9-16.

## IV.   Conclusion

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Finney's Motion to Remand (Dkt. No. 11) is DENIED.

2. Finney's Request for Attorneys' Fees is DENIED AS MOOT.

3. The Entity Defendants' Motion to Strike (Dkt. No. 15) is DENIED.

IT IS SO ORDERED.

Dated: March 25, 2026.

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge